UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAWN SPENCER,

    Plaintiff,

v.

THE PERMANENTE MEDICAL GROUP, INC.,

    Defendant.

Case No. 15-cv-00455-VC

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**

Re: Doc. No. 20

Permanente contends claims 1 and 9-15 are preempted by Section 301 of the Labor Management Relations Act. But there is no indication from the pleadings that any claim requires interpretation of the collective bargaining agreement. *See Cramer v. Consolidated Freightways, Inc.*, 255 F.3d 683, 691 (9th Cir. 2001).

Permanente alternatively moves to dismiss claims 1 and 10-15 for failure to state a claim. The Court finds as follows:

Claim 1: The complaint states a claim that Spencer was wrongfully terminated in retaliation for taking family leave.

Claim 10: The defamation claim is dismissed with leave to amend to add more specific allegations that Permanente made statements about Spencer and that these statements were false. Permanente's argument that it had a qualified privilege to disclose the information is an affirmative defense, not a ground for dismissal at the pleading stage.

Claim 11: The complaint states a claim for violation of Spencer's right to privacy under the California Constitution. Permanente argues it had a legitimate reason for sharing information about Spencer's alleged conduct, but that is not a ground for dismissal at the pleading stage. But Spencer's common law privacy claim is dismissed with leave to amend for the same reason as the defamation claim. In addition, if Spencer chooses to continue to pursue a common law privacy claim, it should be listed in the complaint as a separate claim, not joined with the constitutional

claim.

Claim 12: The claim for unlawful use of criminal records, Labor Code Section 432.7, is dismissed with prejudice. The allegations in the complaint, if proven true, would establish that Permanente terminated Spencer for laundering counterfeit money and/or for taking family leave. This would be contrary to a conclusion that Permanente terminated her because of a record of arrest or detention, and there are no facts alleged in the complaint to support this alternative theory. That Permanente called the police to investigate, and the police questioned Spencer, does not mean Permanente used the fact of detention or arrest in firing her. *See Cranston v. City of Richmond*, 40 Cal. 3d 755, 774 (Cal. 1985). To the contrary, the allegations demonstrate that the underlying suspected malfeasance was the basis for her termination.

Claim 13: The complaint states a claim for false imprisonment because it alleges Permanente confined Spencer in a conference room against her will for a period of time. Permanente contends its conduct was justifiable, but that is not a ground for dismissal at the pleading stage.

Claim 14: The complaint alleges that Permanente fired Spencer for using family leave to care for her sick mother who needed kidney treatment and her son who was undergoing chemotherapy treatment. This is sufficient to state a claim for intentional infliction of emotional distress.

Claim 15: The unfair business practices claim, under Section 17200, is based on the wage and hour claims, which Permanente did not challenge in this motion to dismiss, as well as the aforementioned claims. Those claims are independently actionable under Section 17200. *See Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1143 (Cal. 2003).

Accordingly, Claim 10 is dismissed with leave to amend. Claim 11 is dismissed in part with leave to amend. Claim 12 is dismissed with prejudice. The remainder of Permanente's motion to dismiss is denied.

**IT IS SO ORDERED.**

Dated: May 5, 2015

_____
VINCE CHHABRIA
United States District Judge

2